**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**WAYCROSS DIVISION**

DENNIS KENNEDY,

      Plaintiff,

v.

WARDEN JOHNS, et al.,

      Defendants.

CIVIL ACTION NO.: 5:18-cv-27

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff brought this action under 42 U.S.C. § 1983 while incarcerated at D. Ray James Correctional Facility in Folkston, Georgia, to challenge certain conditions of his confinement. Doc. 1. Plaintiff also submitted a motion to proceed *in forma pauperis*, which this Court granted. Docs. 2, 4. After the requisite frivolity review, the Court **FINDS** Plaintiff sets forth cognizable claims for excessive force, deliberate indifference, and denial of procedural due process against Defendants Brazeale and Lawson. Additionally, for the reasons set forth below, I **RECOMMEND** the Court **DISMISS** Plaintiff's conditions of confinement, supervisory liability, and deliberate indifference claims against Defendants Lawson, Johns, and Cross, and **DENY** Plaintiff *in forma pauperis* status on appeal as to those claims. Accordingly, the Court **DIRECTS** the United States Marshal to serve Defendants Brazeale and Lawson with a copy of Plaintiff's Complaint, doc. 1, and this Order without prepayment of cost.

# BACKGROUND[1]

On May 29, 2017, Correctional Officer Brazeale forcefully closed a door on Plaintiff's back, causing him injury and significant pain. Doc. 1 at 10. Plaintiff was walking outside for a recreational period but had stopped in the doorway to call to a friend when Brazeale became verbally abusive toward him by "cursing and acting in an unprofessional manner." Id. at 11. Then, Brazeale "reached for the door, using the door as a weapon to hit [Plaintiff] in the back with force." Id. Plaintiff experienced agonizing pain and asked for help, but Brazeale "continued to be abusive," and other inmates would not help Plaintiff due to Brazeale's "belligerent and unprofessional behavior." Id.

In the medical ward, immediately after he was struck, Plaintiff complained of excruciating back pain and was prescribed pain medication and muscle relaxers. Id. at 7. Plaintiff also received crutches for walking. Id. The next day, Plaintiff fell off his crutches, and Captain Lawson, passing by, remarked to other inmates that Plaintiff was faking his injuries. Id. Due to his fall, the medical unit gave Plaintiff a wheelchair, and he continued to take "multiple pain medications multiple times daily." Id. at 7. Days later, a physician's assistant performed an x-ray and told Plaintiff "something was seriously wrong with [his] spine." Id. Plaintiff wrote to Robyn Cross, the Health Services Administrator, requesting additional treatment but was instructed to "remain patient" and wait for an appointment. Id. at 7–8. Specifically, Plaintiff desired a CAT scan to assess his spinal injuries but, as of the time of filing his Complaint, Plaintiff had not received one. Id. at 8.

---

[1] During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

The morning of June 6, 2017, Plaintiff received a medical check-up in connection to the wheelchair he had been prescribed. Id. at 9. Defendant Lawson appeared in the medical ward and told Plaintiff he was faking, then directed two correctional officers to remove Plaintiff from the wheelchair and place him in a regular chair. Id. Then, Lawson told Plaintiff to find his way back to his unit on crutches. Id. While attempting to return to his unit on crutches, in the rain, Plaintiff slipped and fell a second time. Id. Medical staff found Plaintiff and returned him to the medical ward on a stretcher where he was given the wheelchair again. Id. Lawson returned to the medical ward and appeared "furious," then handcuffed Plaintiff and brought him to the Special Housing Unit ("SHU") where he remained for six days. Id. Later, on July 14, 2017, Lawson blocked Plaintiff from entering the dining hall where the other inmates were eating because Plaintiff arrived late due to an internal affairs interview connected to his spine injury. Id. A different officer brought Plaintiff food to eat. Id. at 9–10.

Plaintiff complains that Warden Johns has not "reprimanded or disciplined" Brazeale or "attempted to rectify the issue in any way," contending that, by refusing to take action against Brazeale, the warden condones Brazeale's actions. Id. at 7. Plaintiff continues to have pain due to his back injury and suffers sleepless nights due to his back pain. Id. at 7–8. He seeks relief in the form of $5 million in compensatory damages and $30 million in punitive damages. Id. at 20. Plaintiff submitted the record of his formal and informal grievances connected to the foregoing events. Doc. 1-1. The Court granted Plaintiff leave to proceed *in forma pauperis* and now conducts the requisite frivolity review.

## STANDARD OF REVIEW

Plaintiff is bringing this action *in forma pauperis*. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff

3

submits an affidavit that includes a statement of all of his assets, shows an inability to pay the filing fee, and also includes a statement of the nature of the action which shows that he is entitled to redress.  Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous, malicious, or if it fails to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii).  Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity.  Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

The Court looks to the instructions for pleadings contained in the Federal Rules of Civil Procedure when reviewing a complaint on an application to proceed *in forma pauperis*.  See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances).  Further, a claim is frivolous under § 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'"  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010).  Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A plaintiff must assert "more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . ." (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003))). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I. Supervisory Liability

Plaintiff contends Defendant Johns, Warden of D. Ray James Correctional Facility, is liable for failing to discipline Defendant Brazeale after Brazeale allegedly injured him. Doc. 1 at 13–14. Section 1983 liability must be based on something more than a defendant's supervisory position or a theory of respondeat superior. Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional

violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011).

Plaintiff wishes to hold Defendant Johns liable based solely on Johns' supervisory position as the Warden of the D. Ray James Correctional Facility. Plaintiff asserts no factual allegations that Johns directly participated in or was otherwise causally connected to the alleged deprivations of his constitutional rights. Rather, Plaintiff alleges that Defendant Johns "has implicitly condoned and authorized the unnecessary use of violence and force against inmates." Doc. 1 at 7. Plaintiff states Defendant Johns has a duty to "protect and provide a safe environment for inmates." Id. As set forth above, such supervisory allegations are an insufficient basis for § 1983 liability. Moreover, as explained below, in order to establish that a defendant violated his Eighth Amendment rights, Plaintiff must show that the Defendant was objectively aware of a risk to Plaintiff's safety and that the defendant consciously disregarded that risk. Plaintiff does not plausibly allege these elements as to Defendant Johns. Rather, he relies upon an inference that Defendant Johns—by not disciplining Defendant Brazeale—supports the use of excessive force against inmates. Even under the standard of review at this early stage, these allegations do not survive. For these reasons, the Court should **DISMISS** all claims against Defendant Johns.

## II. Excessive Force

"Under the Eighth Amendment, force is deemed legitimate in a custodial setting as long as it is applied in a good faith effort to maintain or restore discipline and not maliciously or sadistically to cause harm." Skrtich v. Thornton, 280 F.3d 1295, 1300 (11th Cir. 2002) (quotations and alteration omitted). In determining whether force was applied "maliciously and sadistically," courts consider—among other things—"the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. at 1300. After considering these factors, a court may draw inferences about "whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." Id. at 1300–01.

Plaintiff alleges Defendant Brazeale forcefully slammed a door on his back as Plaintiff stood in the doorway, then continued to berate him after Plaintiff fell to the ground and begged for help. Doc. 1 at 11. Plaintiff states non-frivolous excessive force claim against Defendant Brazeale. Additionally, Defendant Lawson's decision to painfully handcuff Plaintiff behind his back—for no reason—while Plaintiff was in the medical ward, sitting in a wheelchair he had been given for his recently acquired back injury, plausibly evinces "wantonness with respect to the unjustified infliction of harm." Skrtich, 280 F.3d at 1301. Therefore, Plaintiff's excessive force claim against Defendant Lawson may also go forward.

## III. Deliberate Indifference to Serious Medical Needs

Plaintiff argues both Defendant Cross and Defendant Lawson were deliberately indifferent to his serious medical needs. Doc. 1 at 14–17. Plaintiff's deliberate indifference

claims will proceed against Defendant Lawson but should not against Defendant Cross. The Court analyzes the claims against the two Defendants separately.

The cruel and unusual punishment standard of the Eighth Amendment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. 825, 832 (1994). In the medical care context, the standard for cruel and unusual punishment is whether a prison official exhibits a deliberate indifference to the serious medical needs of an inmate. Id. at 828. To prove a deliberate indifference to medical care claim, a prisoner must: (1) "satisfy the objective component by showing that [he] had a serious medical need"; (2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and (3) "show that the injury was caused by the defendant's wrongful conduct." Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007).

For the first element, a medical need is serious if it "has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. Under the second, subjective element of a deliberate indifference claim, the Eleventh Circuit Court of Appeals has consistently required "a defendant know of and disregard an excessive risk to an inmate's health and safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995). Thus, this component requires an inmate to prove: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Melton v. Abston, 841 F.3d 1207, 1223 (11th Cir. 2016). "Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all." Bingham v. Thomas, 654 F.3d 1171, 1176 (11th

Cir. 2011). The final element of a deliberate indifference claim requires a plaintiff to show "the constitutional violation caused the injury." Cottone v. Jenne, 326 F.3d 1352, 1358 (11th Cir. 2003) (citing Marsh v. Butler County, 268 F.3d 1014, 1028 (11th Cir. 2001)). Causation "can be shown by personal participation in the constitutional violation." Goebert, 510 F.3d at 1327.

**A.  Defendant Cross**

After he was injured, Plaintiff received an x-ray, pain medication, muscle relaxers, crutches, and a wheelchair. Doc. 1 at 7. However, Plaintiff asserts Defendant Robyn Cross, Health Services Administrator at the prison, was deliberately indifferent to Plaintiff's serious medical needs because she denied him a CAT scan. Doc. 1 at 14. Although "[c]hoosing an easier, but less efficacious, course of treatment" may demonstrate deliberate indifference, "mere medical malpractice or a difference in medical opinion does not constitute deliberate indifference." Shaw v. Allen, 701 F. App'x 891, 893 (11th Cir. 2017) (citing Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989)). A "mere difference in opinion" only constitutes an Eighth Amendment violation if it is "grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Id. The x-ray, pain medication, muscle relaxers, crutches, and wheelchair Defendant Cross provided as treatment for Plaintiff's back injury do not constitute "grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Accordingly, Plaintiff has not shown Defendant Cross disregarded his injuries, merely that Plaintiff believes he needed further medical treatment. Although Plaintiff requested and was denied a CAT scan, "the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment." Owen v. Corizon

9

Health Inc., 703 F. App'x 844, 849 (11th Cir. 2017) (int. cits. omitted) (citing Adams v. Poag, 61 F.3d 1537, 1545 (11th Cir. 1995)). Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims of deliberate indifference against Defendant Cross.

### B. Defendant Lawson

Plaintiff contends Defendant Lawson was deliberately indifferent to his needs when Lawson deprived Plaintiff of his prescribed wheelchair. Id. at 15–17. Prison officials act with deliberate indifference when "the official knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. Indeed, deliberate indifference may be manifested by "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle v. Gamble, 429 U.S. 97, 104–05 (1976); Jones v. Evans, 544 F. Supp. 769, 774 (N.D. Ga. 1982). Plaintiff plausibly alleges a serious medical need because walking unassisted caused him severe pain. Thus, he was prescribed crutches, from which he fell, and then a wheelchair. According to Plaintiff, Defendant Lawson had already seen Plaintiff fall off his crutches only a week prior; therefore, Lawson arguably possessed subjective knowledge of a risk of harm to Plaintiff if he were to attempt to walk with crutches again. Nonetheless, Lawson disregarded that risk. Accordingly, Plaintiff sufficiently alleges that Defendant Lawson was more than merely negligent when he took Plaintiff's prescribed wheelchair. Therefore, Plaintiff states a cognizable Eighth Amendment claim for deliberate indifference to serious medical needs against Defendant Lawson.

### IV. Conditions of Confinement

Plaintiff alleges Defendant Lawson violated his Eighth Amendment rights when he prevented Plaintiff from eating a meal because Plaintiff arrived late to the cafeteria.[2] The

---

[2] Plaintiff styles this claim as a deliberate indifference to medical needs, doc. 1 at 18–19. However, under Eleventh Circuit precedent, the Court characterizes the deprivation of food as a cruel and

10

deliberate and unnecessary withholding of food can violate the Eighth Amendment. See Hamm v. DeKalb County, 774 F.2d 1567, 1573 (11th Cir. 1985). However, to prove such a violation Plaintiff must establish that "the condition he complains of is sufficiently serious to violate the Eighth Amendment" such that it "pose[s] an unreasonable risk of serious damage to his future health or safety" and that prison personnel were deliberately indifferent to his condition. See Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004). Plaintiff alleges Defendant Lawson deprived him of one meal (temporarily), but he does not assert that missing one meal worsened his health and, thus, fails to state a plausible Eighth Amendment violation concerning conditions of confinement. Hoever v. Belleis, 703 F. App'x 908, 911 (11th Cir. 2017) (finding prisoner deprived of lunch failed to state Eighth Amendment claim because missed meal did not "worsen[] his health"). Therefore, I **RECOMMEND** the Court **DISMISS** Plaintiff's conditions of confinement claim.

## V. Procedural Due Process[3]

Plaintiff contends Defendant Lawson violated his due process rights by putting him in the Special Housing Unit ("SHU") without cause for six days. Doc. 1 at 16. Plaintiff, in comparing

---

unusual condition of confinement. See Quintanilla v. Bryson, 730 F. App'x 738, 746 (11th Cir. 2018) ("Conditions are objectively serious or extreme if they amount to a deprivation of the 'minimal civilized measure of life's necessities,' or the 'basic human needs,' including 'reasonably adequate food, clothing, shelter, and sanitation'.") (int. cits. omitted).

[3] Although Plaintiff does not specify procedural or substantive due process in his Complaint, Plaintiff's references to due process are in connection to his placement in solitary confinement without cause and, therefore, a reference to procedural due process. Doc. 1 at 16. In any case, a substantive due process claim in this case, based on a fundamental right to be free from segregation, would fail as a matter of law. See Hewitt v. Helms, 459 U.S. 460, 467 (1983), *receded from on other grounds by* Sandin v. Conner, 515 U.S. 472 (1995) ("[L]awfully incarcerated persons retain only a narrow range of protected liberty interest[.]"); Montanye v. Haymes, 427 U.S. 236, 242 (1976) ("As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight."); Meachum v. Fano, 427 U.S 215, 224–25 (1976); Lundy v. Cox, No. 5:16-cv-71, 2018 WL 3978181, at *6–7 (S.D. Ga. July 16, 2018) (finding no

his factual allegations to Boag v. MacDougall, focuses on the lack of charges or a hearing accompanying his placement in solitary confinement. 454 U.S. 364, 364 (1982). An inmate states a cognizable claim for the deprivation of his procedural due process rights under the Fourteenth Amendment when he alleges the deprivation of a constitutionally protected liberty or property interest, state action, and constitutionally inadequate process. Shaarbay v. Palm Beach Cty. Jail, 350 F. App'x 359, 361 (11th Cir. 2009) (citing Cryder v. Oxendine, 24 F.3d 175, 177 (11th Cir. 1994)). "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556, (1974). Rather, "a disciplinary proceeding, whose outcome will 'impose[] atypical and significant hardship on the inmate' must ensure the following due process rights: (1) advance written notice of the claimed violation, (2) a written statement by the fact finders as to the evidence relied upon and the reasons for the disciplinary action taken, and (3) an opportunity to call witnesses and present documentary evidence in his defense." Asad v. Crosby, 158 F. App'x 166, 173 (11th Cir. 2005) (citing Wolff, 418 U.S. at 563–67).

An inmate's placement in administrative segregation is ordinarily a non-punitive action. See Bradley v. Hart, No. CV513-127, 2015 WL 1032926, at *5 (S.D. Ga. Mar. 9, 2015), *appeal dismissed*, (July 8, 2015). However, Plaintiff has alleged facts that could plausibly establish that his placement in the Tier II unit was punitive in nature. Additionally, Plaintiff alleges facts that could establish that he was denied sufficient process. For these reasons, Plaintiff plausibly states a cognizable claim for denial of procedural due process against Defendant Lawson.

---

"objectively, deeply rooted" history and practice to be free from administrative segregation in prison or even segregation with more adverse conditions than the general population).

**CONCLUSION**

At this stage, taking Plaintiff's allegations as true, the Court **FINDS** Plaintiff alleges non-frivolous excessive force claims against Defendant Brazeale and excessive force, deliberate indifference, and procedural due process claims against Defendant Lawson. However, I **RECOMMEND** the Court **DISMISS** Plaintiff's conditions of confinement, supervisory liability and deliberate indifference claims against Defendants Lawson, Johns, and Cross and **DENY** Plaintiff *in forma pauperis* status on appeal as to those claims. Accordingly, the Court **DIRECTS** the United States Marshal to serve Defendants Brazeale and Lawson with a copy of Plaintiff's Complaint, doc. 1, and this Order without prepayment of cost.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence. Furthermore, it is not necessary for a party to repeat legal arguments in objections. The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed

findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

### **INSTRUCTIONS TO DEFENDANTS**

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs that service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to defendants by first-class mail and request that defendants waive formal service of summons. Fed. R. Civ. P. 4(d); Local R. 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until 60 days after the date that the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendants are hereby granted leave of court to take the deposition of Plaintiff upon oral examination. Fed. R. Civ. P. 30(a)(2). Defendants are further advised that the Court's standard 140-day discovery period will commence upon the filing of the last answer. Local R. 26.1. Defendants shall ensure that all discovery, including Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

In the event that Defendants take the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30.  As Plaintiff will likely not be in attendance for such a deposition, Defendants shall notify Plaintiff of the deposition and advise him that he may serve on Defendants, in a sealed envelope, within 10 days of the notice of deposition, written questions Plaintiff wishes to propound to the witness, if any.  Defendants shall present such questions to the witness seriatim during the deposition.  Fed. R. Civ. P. 30(c).

## INSTRUCTIONS TO PLAINTIFF

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorney, a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or their counsel.  Fed. R. Civ. P. 5.  "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number."  Fed. R. Civ. P. 10(a).

Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action.  Local R. 11.1.  Plaintiff's failure to notify the Court of a change in his address may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case.  For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery.  See generally Fed. R. Civ. P. 26 *et seq*.  The discovery period in this case will expire 140 days after the filing of the last answer.  Local R. 26.1.  Plaintiff does not need the permission of the

Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Id. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local R. 26.4.

Interrogatories are a practical method of discovery for incarcerated persons. See Fed. R. Civ. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as a defendant. Interrogatories are not to contain more than 25 questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than 25 interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c), 37(a)(2)(A); Local R. 26.7.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page. **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which Defendants may initiate. Upon no less than five days' notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

### **ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT**

Defendants may choose to ask the Court to dismiss this action by filing a motion to dismiss, a motion for summary judgment, or both. Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within 14 days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendants' motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within 21 days after service of the motion. Local R. 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in

Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendants file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should Defendants' motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest Defendants' statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in Defendants' affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 15th day of January, 2020.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA